UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARESA N. TUCKER,

      Plaintiff,

v.

                             CASE No. 8:07-CV-621-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Although the decision of the administrative law judge to deny benefits is supported by substantial evidence, the Appeals Council erred when, following the submission of new and material evidence, it concluded that the law judge's decision was not contrary to the weight of the evidence.  Accordingly, the decision of the Commissioner of Social Security will be reversed and the matter remanded for further consideration.

I.

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

The plaintiff, who was thirty-seven years old at the time of the administrative hearing and who has a high school education and one year of vocational training in medical transcription (Tr. 528-29), has worked primarily as a general clerk and medical transcriber (Tr. 80). She filed claims for Social Security disability benefits and supplemental security income payments (SSI), alleging that she became disabled due to multiple sclerosis (Tr. 68). Her claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe neurological symptoms of uncertain etiology (Tr. 22). He concluded that the medical evidence was conflicting and did not sufficiently confirm her claim of having multiple sclerosis (Tr. 19). Nevertheless, he limited the plaintiff to a range of light work with the restrictions of avoiding hazardous machinery and open heights (Tr. 23). The law judge also found the plaintiff unable to climb ladders, ropes, and scaffolds, and restricted her to no more than occasional climbing, crawling, crouching, balancing, stooping, or kneeling (id.). Based upon the testimony of a vocational expert, the law judge decided that, despite these limitations, the plaintiff could return to past

relevant work as a general clerk or medical transcriber, and therefore was not disabled (id.).

The plaintiff requested review by the Appeals Council and submitted additional evidence with that request. The Appeals Council considered that information, but determined that it did not provide a basis for changing the law judge's decision (Tr. 3, 6).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

-4-

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff contends that she suffers from multiple sclerosis

and that the disorder has rendered her unable to work since May 15, 1999.

The law judge did not find that the plaintiff suffers from multiple sclerosis,

but rather concluded that she has neurological symptoms of uncertain etiology

which are not disabling (Tr. 22).

The plaintiff contends that the law judge erred in failing to credit

the opinions of the treating physicians who opined that her symptoms were

the result of multiple sclerosis (Doc. 13, pp. 12-15). Opinions from treating

physicians are entitled to substantial or considerable weight unless there is

good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d

1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's

opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Notably, however, not all of the doctors upon whom the plaintiff relies are treating physicians.

The plaintiff has a lesion on her spinal cord at C-4, which could be a sign of multiple sclerosis or other neurological disorder (see Tr. 193, 244, 502). The plaintiff visited a number of doctors, including neurologists, beginning in May 1999 when she felt numbness on the left side of her body (Tr. 137). Her symptoms subsided after six weeks, but she has since had several spells with similar symptoms, including loss of control and muscle weakness (Tr. 110, 112). The plaintiff states that she has constant fatigue and that she relapses every three to four months for three to six weeks (Tr. 50). The law judge, however, pointed out that the plaintiff has not sought medical treatment during periods of exacerbation to document the experiencing of such episodes (Tr. 21).[2]

---

[2]In this respect, on August 23, 2001, treating physician Dr. Mary Shriver stated, "Ms. Tucker was really having no symptoms from the C4 lesion until recently when she began to experience numbness in her legs" (Tr. 244). Dr. Anoop K. Reddy, another treating physician, noted in 2003, "[t]he patient feels that she is disabled, but I do not get any specifics, has [sic] to why she feels she is disabled" (Tr. 366).

Significant disagreement exists among the doctors as to the plaintiff's diagnosis. Since her alleged onset of disability in 1999, one doctor ruled out multiple sclerosis (Tr. 165), two doctors were unclear as to the etiology of the symptoms (Tr. 189, 334), some doctors reported multiple sclerosis to be a possibility (Tr. 144, 153, 181), one said it was likely (Tr. 238), and others positively diagnosed her with multiple sclerosis (Tr. 223, 256).

In light of these differing opinions, the law judge commented (Tr. 19):

> In finding that the claimant's neurological sympotms [sic] of uncertain etiology are severe, the undersigned notes that there is significant disagreement here whether the diagnosis of MS is appropriate in this case. While treating sources have made a diagnosis of multiple sclerosis, many records fail to verify a diagnosis of multiple sclerosis.

The law judge then discussed in detail the evidence that raised questions about a diagnosis of multiple sclerosis (id.). In light of this conflicting evidence, the law judge arranged for testimony at the hearing from Dr. Gerard Gerling, a neurologist who is an expert with respect to multiple sclerosis. Dr. Gerling did not examine the plaintiff, but was sent for his review the portion

of the file containing the plaintiff's medical records (Tr. 510, 514). Dr. Gerling testified, based upon his review of the medical records, that the plaintiff did not meet the threshold showing that supports a diagnosis of multiple sclerosis (Tr. 500). In this respect, he testified that the MRI of the plaintiff's brain did not show typical lesions of multiple sclerosis (Tr. 502). He explained that 92% of the time people who have multiple sclerosis have some typical lesions (id.). In addition, Dr. Gerling testified that tests of the plaintiff's spinal fluid did not demonstrate the typical abnormalities of multiple sclerosis (Tr. 502-03). He said that over 90% of people with multiple sclerosis will have typical abnormalities in the spinal fluid (Tr. 503). He concluded, based on these two circumstances, that the chance that the plaintiff has multiple sclerosis is in the range of 17% (id.). He said that, because the plaintiff does not meet the threshold showing for multiple sclerosis, he would not treat her for that condition (Tr. 503-04).

> The law judge stated with respect to that testimony (Tr. 19):

> [T]he independent medical expert [Dr. Gerling] opined that the diagnosis of MS was not warranted in this case, and his testimony was based on a review of all medical evidence of record, and he found no neurological medical reason for the alleged limitations. The undersigned did give this testimony great weight and found it quite

persuasive as the testifying physician was a
neurological specialist who had the benefit of
review of all medical evidence of record.

The plaintiff argues that the law judge erred in giving such

weight to Dr. Gerling's testimony. It is, of course, established that the

opinion of a state agency nonexamining reviewing physician cannot, standing

alone, amount to substantial evidence. Broughton v. Heckler, 776 F.2d 960

(11th Cir. 1985). That principle is inapposite to the circumstances of this case.

Here, the law judge was faced with unclear and conflicting

evidence concerning the nature of the plaintiff's impairment. Accordingly,

he called upon a medical expert to assist him in understanding the evidence

and resolving the conflict. Unlike state agency reviewers, Dr. Gerling gave

his opinions under oath and subject to cross-examination. Also, unlike state

agency reviewers, who typically render their opinions early in the

administrative process without the benefit of all the medical records, Dr.

Gerling had the benefit of "review of all medical evidence of record" (Tr. 18).

Most significantly, unlike state agency reviewers, who render conclusory

opinions that are sometimes accompanied by semi-comprehensible scrawled

comments, Dr. Gerling explained the reasons for his opinion in detail (Tr.

499-517).

In this situation, the law judge, having heard the testimony and being aware that Dr. Gerling had not examined the plaintiff, could reasonably find the testimony persuasive and give it great weight. A ruling that he could not do that would seriously intrude upon the law judge's role as a fact-finder and would significantly diminish the utility of calling a medical doctor as an expert witness to assist in the resolution of difficult cases. There is no apparent justification for such a result.

In short, the evidence does not compel a finding that the plaintiff suffers from multiple sclerosis, particularly in light of Dr. Gerling's testimony. As previously explained, it is not enough that the evidence would support a finding of multiple sclerosis. Indeed, it is not even enough that a finding of multiple sclerosis is supported by the weight of the evidence. The law judge's decision is reviewed under the substantial evidence test, not the weight of the evidence, and the decision here satisfies that test.

Moreover, the Commissioner suggests that, even if the law judge erred by failing to find that the plaintiff suffered from multiple sclerosis, the error was harmless. In this respect, what matters is not the disorder the plaintiff is diagnosed to have, but the functional limitations resulting from the disorder. Davis v. Barnhart, 2005 WL 2510227, *3 (11th Cir. 2005)(unpub.

dec.) ("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself."). The evidence does not compel a finding that, even if the plaintiff suffers from multiple sclerosis, her functional limitations are greater than those found by the law judge.

The plaintiff seeks to show reversible error by contending that she meets listing 11.09(a) or (c) concerning multiple sclerosis. See 20 C.F.R. Part 404, Subpart P, App. 1. A condition listed in Appendix 1 is considered so severe that a plaintiff who meets, or equals, a listing is deemed disabled without regard to vocational considerations. Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff bears the burden of showing that she meets, or equals, a listing. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that [s]he has an impairment meeting the listed impairments entitling h[er] to an adjudication of disability under regulation 404.1520(d) [or 416.920(d)], [s]he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative [s]he contends that [s]he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes

how the impairment has such an equivalency." <u>Bell</u> v. <u>Bowen</u>, 796 F.2d 1350, 1353 (11th Cir. 1986).

The plaintiff has clearly failed to make the required showing. The plaintiff has made no meaningful attempt to set forth medical evidence demonstrating that a listing is met, or equaled. It is plainly insufficient for the plaintiff to quote the listing and then assert in a conclusory manner that it has been met, or equaled. Moreover, this approach violates the Scheduling Order, which requires that any "challenges must be supported by citations to the record of the pertinent facts" (Doc. 7, p 2).

In all events, the law judge's finding that the plaintiff does not meet, or equal, a listing is supported by substantial evidence (<u>see</u> Tr. 19). Dr. Gerling testified that, even assuming the plaintiff has multiple sclerosis, the listings were not met, or equaled (Tr. 500, 505-06). The plaintiff has not pointed to any evidence that compels a different conclusion.

In addition, the plaintiff has not shown that the functional limitations found by the law judge would be any greater if he concluded that the plaintiff had multiple sclerosis rather than a severe impairment of neurological symptoms of uncertain etiology. As indicated, the law judge found that the plaintiff was restricted to light work "with additional

limitations of no more than occasional climbing, crawling, crouching, balancing, stooping, or kneeling; the inability to climb ladders, ropes and scaffolds; no operation of hazardous machinery; and no exposure to open heights" (Tr. 21-22). The evidence before the law judge does not compel a finding of greater functional limitations, regardless of the nature of the plaintiff's neurological impairment.

As the Commissioner points out, there was no statement before the law judge from a treating physician expressing an opinion concerning the plaintiff's functional limitations. There were, however, two opinions from state agency nonexamining reviewing physicians asserting that the plaintiff could perform a range of light work (Tr. 230, 268).

The record before the law judge also contained a consultative report from Dr. Mohamad I. Saleh, who stated that the plaintiff "will not be able to carry on any specific occupation or job due to the nature of her disease" (Tr. 256). Dr. Saleh did not accompany this conclusory opinion with any assertion of the plaintiff's functional capabilities. In any event, the law judge expressly considered Dr. Saleh's opinion and discounted it (Tr. 21). Significantly, the plaintiff does not challenge that determination.

In short, there was no medical evidence before the law judge that he did not discount and that was inconsistent with his determination of the plaintiff's residual functional capacity. The plaintiff consequently has made no attempt to show that it would make a difference in the assessment of her residual functional capacity whether she was found to suffer from multiple sclerosis or a severe impairment of neurological symptoms of uncertain etiology.

The only mention in the plaintiff's memorandum of evidence in the record before the law judge regarding functional limitations was a brief reference to testimony by the plaintiff and her husband (Doc. 13, p. 14). The law judge, however, discounted that testimony and explained why in some detail (Tr. 20-21). Importantly, the plaintiff has not challenged that determination. Consequently, the plaintiff cannot rely upon her testimony, or that of her husband, to demonstrate that she had greater functional limitations than were found by the law judge.

In sum, substantial evidence supports the law judge's finding that the plaintiff was suffering from neurological symptoms of uncertain etiology. In any event, the law judge's failure to find that the plaintiff was suffering from multiple sclerosis would not constitute reversible error because

-14-

such a finding would not change the determination of the plaintiff's residual functional capacity. Therefore, the law judge's decision is supported by substantial evidence and does not contain reversible error.

That, however, is not the end of the matter.

### IV.

The plaintiff submitted additional information to the Appeals Council in connection with her request for review. That information consisted of a letter dated January 24, 2006, from Dr. Howard Linzer, as well as an MRI of the brain done on August 31, 2005 (Tr. 485, 487). Dr. Linzer in his letter stated that he had been treating the plaintiff for the past two years; that she "suffers from multiple sclerosis and is unable to work secondary to her disability"; and that she has been suffering from symptomatology of multiple sclerosis since May 1999 (Tr. 485). He opined further (id):

> I believe Ms. Tucker is completely disabled. She cannot sit more than two hours in a given day without having severe pain. She can alternate standing and walking with sitting for about two hours a day. Additionally, she can lift up to about 10 pounds, but will with pain and this will exacerbate her fatigue. Additionally, Ms. Tucker is unable to make important decisions relating [to] work nature [sic] secondary to depression and her impairments with cognitive functioning.

The Appeals Council stated that it had considered this additional evidence (Tr. 3). However, it "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 4). The plaintiff argues that the Appeals Council erred in failing properly to consider the new, material evidence (Doc. 13, p. 15).

A regulation concerning review of disability benefit claims by the Appeals Council states, in pertinent part (20 C.F.R. 404.970(b)):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

A similar regulation concerning review by the Appeals Council of supplemental security income claims also states that the Appeals Council will "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. 416.1470(b).

There has recently been a significant development in the law of the Eleventh Circuit concerning the handling of new evidence submitted first to the Appeals Council. In Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), the court held that, when the Appeals Council has denied review after the consideration of new evidence, a court reviewing a denial of benefits should look only to the evidence actually presented to the law judge in determining whether the law judge's decision is supported by substantial evidence. The court added, however, that the new evidence could be considered in connection with a request for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g).

Within the past year, the Eleventh Circuit in Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007), distinguished Falge and discounted some of its language as erroneous dicta. Unfortunately, Ingram is subject to two different interpretations. Thus, it can be read to say either (1) that, when the Appeals Council has denied review after the submission of new evidence, a court is to determine whether the Appeals Council correctly decided that the law judge's findings were not contrary to the weight of the evidence then of record, or (2) that the court is

to determine whether the law judge's decision is supported by substantial evidence after consideration of the newly submitted evidence.

In Ingram, the plaintiff argued that, assuming the Appeals Council had accepted her new evidence, it erroneously concluded that the law judge's decision was not contrary to the weight of the evidence and should have granted review of her case. 496 F.3d at 1262. With respect to that contention, the court of appeals held that "the district court did not determine whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusions is [not] contrary to the weight of the evidence currently of record.'" Id. at 1266-67. Accordingly, the court of appeals "reverse[d] and remand[ed] for the district court to undertake that review in the first instance." Id. at 1267. This language indicates to me that, where, as here, the Appeals Council denies review after consideration of new evidence, a court should determine whether §404.970(b) or §416.1470(b) has been violated by the denial of review because the law judge's decision is contrary to the weight of the evidence of record, including the new evidence. Furthermore, it seems to me that, if there has been such a violation, then the proper remedy is to remand the matter to the Commissioner so that the administrative review that was improperly denied is undertaken.

-18-

There is language, however, in Ingram that can be read to hold that, when new evidence is submitted to the Appeals Council, that evidence is simply considered, along with the other record evidence, in determining whether the law judge's decision is supported by substantial evidence. Notably, decisions from four other circuits that were cited in Ingram for the proposition that a denial of request for review by the Appeals Council is part of the final decision by the Commissioner state further that the new evidence is to be considered in determining whether the law judge's decision is supported by substantial evidence. Perez v. Chater, 77 F.3d 41, 46 (2nd Cir. 1996); Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991)(en banc); Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994); contra, Matthews v. Apfel, 239 F.3d 589, 593-94 (3rd Cir. 2001); Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993); Eads v. Secretary of the Department of Health and Human Services, 983 F.2d 815, 818 (7th Cir. 1983). However, there is no express statement in Ingram that, when new evidence is submitted to the Appeals Council and review is denied, the evidence is to be considered in determining whether the law judge's decision is supported by substantial evidence.

Ingram does say that, "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." 496 F.3d at 1262. While arguably this statement could be construed to mean that the reviewing court should consider whether, in light of the additional information, the law judge's decision is supported by substantial evidence, not only does the statement not say that, but such an interpretation would be inconsistent with the more specific statement that the district court is to "determine whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusions is [not] contrary to the weight of the evidence currently of record.'" 496 F.3d at 1266-67. In light of this latter statement, the earlier statement that the reviewing court must consider whether the new evidence renders the denial of benefits erroneous is appropriately understood to mean that the court is to review the final decision denying benefits to determine whether the Appeals Council's denial of review violated §404.970(b) or §416.1470(b).

There is also a section heading that states, "We Remand to the District Court to Consider Whether the Final Decision of the Commissioner is Supported by Substantial Evidence on the Record as A Whole." 496 F.3d

at 1266. It is that very section, however, that directs the district court on remand to determine whether the Appeals Council correctly decided that the law judge's decision was not contrary to the weight of the evidence currently of record, and not whether the decision is supported by substantial evidence on the record as a whole. Id. at 1266-67.

The uncertainty of the proper approach under Ingram is reflected in unpublished Eleventh Circuit decisions that purport to apply that decision, but do so in divergent ways. In Couch v. Astrue, 2008 WL 540178, *3 (11th Cir. 2008)(unpub. dec.), the court stated that the Appeals Council must consider new evidence and review the case if the law judge's decision is contrary to the weight of the current evidence. Upon such review, the court concluded that the new evidence did not render the law judge's decision contrary to the weight of the evidence, so that the Appeals Council did not err in denying review. Id. at *4.

Similarly, in Pilnick v. Commissioner of Social Sec., 2007 WL 3122168, *2 (11th Cir. 2007)(unpub. dec.), the court said that, "when reviewing the final decision of the Commissioner, a court may remand for a rehearing based on new evidence under sentence four when the claimant

-21-

presents such evidence to the Appeals Council, and the Appeals Council erroneously denies review after considering the new evidence."

In <u>Smith</u> v. <u>Social Security Administration</u>, 2008 WL 879980 (11th Cir. 2008), the court seemed to apply both approaches. Thus, the court set forth the test concerning the weight of the evidence and determined that the Appeals Council did not err by concluding that the weight of the evidence was not contrary to the law judge's decision. 2008 WL 879980 at ** 11, 12. However, the court also said that "[r]emand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence." <u>Id</u>. at *12.

This latter principle was also set forth in <u>Barclay</u> v. <u>Commissioner of Social Sec.</u>, 2008 WL 649184, *5 (11th Cir. 2008).

So, it's not just me.

In my view, <u>Ingram</u> is properly read to hold that, when the Appeals Council considers new evidence and denies review, the district court (assuming the issue has been raised) should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. The failure to make that determination is the

particular error the court identified in <u>Ingram</u>, and the remand specifically directed such a determination.  On the other hand, there is no express statement in <u>Ingram</u> that, when new evidence is submitted to the Appeals Council, the district court is to consider that evidence in determining whether the law judge's decision is supported by substantial evidence.

Furthermore, a requirement that the district court consider evidence submitted first to the Appeals Council when undertaking a substantial evidence evaluation of the law judge's decision would unduly intrude upon the agency's authority as fact-finder since the court would have to decide what weight to give to the new evidence.  Of course, it is not my role in construing <u>Ingram</u> to decide what is the most reasonable policy, but simply to decide what <u>Ingram</u> means.  However, it is appropriate to assume that the court of appeals in <u>Ingram</u> selected the most reasonable policy in making its decision.

Judge Posner explained in <u>Eads</u> v. <u>Secretary of the Department of Health and Human Services, supra</u>, 983 F.2d at 817, that "[t]he correctness of [the law judge's] decision depends on the evidence that was before him" and "[h]e cannot be faulted for having failed to weigh evidence never presented to him, such as the doctor's letter in this case...." He added that "[i]t

would change our role from that of a reviewing court to that of an administrative law judge, required to sift and weigh evidence in the first instance, rather than limited as we are to reviewing evidentiary determinations made by the front-line factfinder." Id. at 817-18.

This case demonstrates the accuracy of Judge Posner's statements. Dr. Linzer's opinions as a treating physician may be entitled to considerable, or substantial, weight, Phillips v. Barnhart, supra, or, as the Commissioner argues (Doc. 14, pp. 10, 11), may be given little weight by the administrative factfinder. How much weight should be given to Dr. Linzer's opinions is clearly a matter for the Appeals Council or a law judge to decide. This court simply reviews that determination.

Accordingly, the additional evidence will be considered with respect to a determination of whether, in violation of 20 C.F.R. 404.970(b) and 416.1470(b), the Appeals Council erred in concluding that the law judge's findings were not contrary to the weight of the evidence currently of record. Before this determination is undertaken, the threshold inquiry is whether the additional evidence is new and material. Unless both of these are shown, §404.970(b) and §416.1470(b) do not come into play.

Evidence is considered new if it is not cumulative. <u>Falge</u> v. <u>Apfel</u>, <u>supra</u>, 150 F.3d at 1323. Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. <u>Id.</u> To some extent, some of the evidence is either cumulative or not material.

However, Dr. Linzer, a treating physician, has opined that the plaintiff is completely disabled from the effects of multiple sclerosis; that she cannot sit more than two hours in a given day; that she can alternate standing and walking with sitting for about two hours a day; and that she can lift up to about ten pounds (Tr. 485). These opinions constitute new and material evidence. Thus, the functional limitations stated by Dr. Linzer are not cumulative since, as previously noted, the record contained no functional limitations from a treating physician, and there is at least a reasonable possibility that these limitations, if credited by the factfinder, would change the administrative result.

Consequently, the issue becomes whether, in light of Dr. Linzer's evidence, the Appeals Council erred by denying review because, with that additional evidence, the law judge's decision was contrary to the weight of the evidence. It seems that, with the additional opinion of a treating physician that the plaintiff suffers from multiple sclerosis, the failure of the law judge

to find that the plaintiff has multiple sclerosis is contrary to the weight of the evidence (if it wasn't already). However, as previously explained, a disability determination is not based upon the diagnosis of an impairment, but upon the functional limitations from an impairment. Consequently, an incorrect finding regarding the diagnosis of an impairment is not sufficient, by itself, to warrant a conclusion that the Appeals Council erred in denying further review.

However, in light of Dr. Linzer's opinion that the plaintiff had functional limitations that restricted her to sitting, standing and walking for no more than four hours and lifting up to about ten pounds, the finding that the plaintiff could perform light work is contrary to the weight of the evidence. The finding that the plaintiff could perform light work was based upon the opinions of two nonexamining reviewing physicians (Tr. 22). Those two opinions cannot outweigh the opinion of Dr. Linzer, a treating physician, unless his opinion should subsequently be discounted upon further review. See, e.g., Sharfarz v. Bowen, 825 F.2d 278 (11th Cir. 1987); Broughton v. Heckler, supra.

Accordingly, with the addition of Dr. Linzer's opinion concerning the plaintiff's functional limitations, the decision of the law judge

is contrary to the weight of the evidence. The Appeals Council, consequently, erred in denying further review of the plaintiff's claims.

It is, therefore, upon consideration

ORDERED:

That, pursuant to sentence four of 42 U.S.C. 405(g), the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 20 day of July, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE